# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

LOREN EUGENE VAN KOOTEN,

    Petitioner,

vs.

STATE OF IOWA,[1]

    Respondent.

No. C12-0056-LRR

**ORDER**

---

The matter before the court is the petitioner's motion for correction of an illegal sentence. The petitioner filed such motion on June 21, 2012. The clerk's office correctly construed the petitioner's motion for correction of an illegal sentence as an application for a writ of habeas corpus under 28 U.S.C. § 2254.[2] The petitioner did not pay the filing fee or submit an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining in forma pauperis proceedings). Additionally, the petitioner filed his application for a writ of habeas corpus in the wrong

---

[1] The petitioner brings this action against the State of Iowa, but the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the State of Iowa as the respondent.

[2] The court notes that the petitioner did not comply with Rule 2(d) of the Rules Governing Section 2254 Cases, which requires him to substantially follow the form that is typically utilized by those seeking relief under 28 U.S.C. § 2254.

district because he is confined in the Southern District and his conviction occurred in the Southern District. *See* 28 U.S.C. § 2241(d) (making clear that a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts may be filed in either the district court where the petitioner is confined or the district court where the conviction occurred). Lastly, a cursory review of relevant state court records reveals that the petitioner did not comply with 28 U.S.C. 2254(b)(1)(A), which requires him to exhaust the remedies that are available in the courts of Iowa.[3] Accordingly, the clerk's office is directed to dismiss without prejudice this action.

**IT IS SO ORDERED**.

**DATED** this 22nd day of June, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[3] The court notes that the petitioner references *State v. Van Kooten*, Case No. Owin108000 (Mahaska County Dist. Ct. 2012), in his pleadings. Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).